UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE E. GAMBILL, JR.,

                Plaintiff,

    v.

UNITED STATES BANKRUPTCY
COURT – TACOMA,

                Defendant.

CASE NO. C12-5608BHS

ORDER DENYING MOTION
FOR IN FORMA PAUPERIS AND
MOTION FOR TEMPORARY
RESTRAINING ORDER

      This matter comes before the Court on Plaintiff Bruce E. Gambill, Jr.'s motion for in forma pauperis (Dkt. 1) and motion for temporary restraining order ("TRO") (Dkt. 2). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

      The subject of this action appears to be Gambill's allegations against the United States Bankruptcy Court, Judge Brandt, and other possible defendants. *See* Complaint.

ORDER - 1

On July 9, 2012, Gambill filed the instant motion seeking to enjoin the foreclosure sale of his home scheduled for July 13, 2012. The Court concludes that Gambill's motion should be considered a motion for TRO. See Fed. R. Civ. P. 65(b).

## II. DISCUSSION

**A.      Motion to Proceed In Forma Pauperis**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

In this case, Gambill's proposed complaint alleges claims against the United States Bankruptcy Court. "Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. United States Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. (*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citations and quotation marks omitted)). Here, although Gambill states that he is suing the United States Bankruptcy Court, it appears that he is attempting to allege claims against Judge Brandt based on his judicial acts. *See* Complaint. Because Judge Brant, as well as court

clerks[1], are entitled to absolute immunity, Gambill's complaint fails to state a claim upon which relief can be granted.  Accordingly, the Court concludes that, at this time, Gambill has failed to show that he should be entitled to proceed in forma pauperis based on the proposed complaint.

**B.     Motion for TRO**

Gambill's motion for TRO seeks relief from the Court in the form of an injunction enjoining the foreclosure sale of his home scheduled for July 13, 2012, pending the Court's resolution of this action.  Dkt. 2.  *See* Complaint.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).  To obtain preliminary injunctive relief, such as a TRO, a party must show: (1) a likelihood of success on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).  A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance for the Wild*

---

[1] *Curry v. Castillo ( In re Castillo )*, 297 F.3d 940, 947-48 (9th Cir. 2002) (concluding that judicial immunity extends to non-judicial officers for all claims relating to the exercise of judicial functions, including administrative acts that are part of the judicial process).

1 *Rockies v. Cotrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (holding that the Ninth Circuit's
2 "sliding scale" approach continues to be valid following the *Winter* decision).

3      Even assuming, without deciding, that Gambill could establish that (1) irreparable
4 harm would occur in the absence of preliminary relief, (2) the balance of equities tipped
5 in his favor, and (3) granting an injunction is in the public interest, Gambill must also
6 establish a likelihood of success on, or serious questions going to, the merits. *Winter*,
7 129 S. Ct. 376; *Alliance for the Wild Rockies*, 632 F.3d at 1135. As discussed above,
8 Gambill's complaint alleges claims against possible defendants that are entitled to
9 judicial immunity. Accordingly, he cannot show that he is likely to succeed on the merits
10 of the case or even that there are serious questions going to the merits. Therefore, the
11 Court concludes that Gambill has failed to show a likelihood of success on or serious
12 questions going to the merits of his case.

13      Although the Court acknowledges that the irreparable injury factor might weigh in
14 favor of granting the TRO in that Gambill may be irreparably harmed if the foreclosure
15 sale occurs, the record is insufficiently developed on this factor and the other factors of
16 the public interest, and the balance of equities weighs in favor of denying the TRO.
17 Moreover, the balance of equities also weighs in favor of denying the TRO in that
18 Gambill waited until days before the scheduled foreclosure sale to file this motion. He
19 fails to state in his motion any reason why he would have only recently learned of the
20 sale. *See* Dkt. __, Complaint. Therefore, Chapel has not adequately met his burden to be
21 granted a temporary restraining order.

22

## III. ORDER

Therefore, it is hereby **ORDERED** that Gambill's motion to proceed in forma pauperis and motion for TRO are denied. If Gambill desires to proceed with this civil action, he shall pay the $350 filing fee to the Court Clerk not later than July 25, 2012. If Gambill fails to timely submit the filing fee, the Clerk is directed to dismiss this case without prejudice.

Dated this 13th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge